OPINION
Defendant William Oliver appeals a judgment of the Court of Common Pleas of Licking County, Ohio, which denied his reconsideration petition for post-conviction relief. Appellant assigns five errors to the trial court:
ASSIGNMENTS OF ERROR
 I. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT PURSUANT TO § 2953.23 (A)(1)(A) and (2) WHICH PROVIDES FOR AN EXCEPTION TO THE TIME LIMITATIONS PURSUANT TO § 2953.23.
 II. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN NO CONSIDERATION WAS GIVEN TO EVIDENCE DEHORS THE RECORD NOT AVAILABLE FOR DIRECT APPEAL WHEN APPELLANT WAS NOT REPRESENTED BY COUNSEL IN HIS FIRST PETITION FOR POST CONVICTION RELIEF AND WHEN APPELLANT WAS REPRESENTED BY NEW COUNSEL ON APPEAL.
 III. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN IT DENIED AN EVIDENTIARY HEARING IN VIOLATION OF RIGHTS SECURED BY THE 5TH, 6TH, 8TH, 9TH AND 14TH AMENDMENTS OF THE U.S. CONSTITUTION AND ARTICLE 1, SECTIONS 1, 2, 9, 10, 16 AND 20 OF THE OHIO CONSTITUTION WHEN THE APPELLANT HAD ATTACHED SUPPORTING DOCUMENTATION THIS SUCCESSIVE POSTCONVICTION [SIC] PETITION INCLUDING EVIDENCE OUTSIDE THE RECORD.
 IV. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN THE CONVICTION WAS BASED ON AN UNREASONABLE DETERMINATION OF THE UNDERLYING FACTS IN LIGHT OF SUPPORTING DOCUMENTATION ACCOMPANYING THE SUCCESSIVE POSTCONVICTION [SIC] PETITION, VIOLATING THE APPELLANT'S DUE PROCESS RIGHTS UNDER THE OHIO AND U.S. CONSTITUTIONS.
 V. TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT WHEN SUFFICIENT COGENT EVIDENCE OUTSIDE THE RECORD DEMONSTRATES COUNSEL'S INEFFECTIVENESS WHICH WAS NOT USED BY COUNSEL ON DIRECT APPEAL MITIGATES AGAINST THE DOCTRINE OF RES JUDICATA.
Appellant's first petition for post-conviction relief was filed April 11, 1995. The trial court denied the petition because appellant had failed to produce evidentiary documents to support the claims he made, and also because the issues were res judicata. Appellant appealed the court's ruling, and this court affirmed the trial court's judgment inState v. Oliver (December 14, 1995), Licking Appellate No. 95-CA-73, unreported.
Appellant filed this second petition on July 18, 2001, and captioned it reconsideration motion petition for post-conviction relief. In it, appellant prays for reconsideration of his original petition for post-conviction relief, i.e., the 1995 petition. In response, the State argued courts of original jurisdiction may not entertain motions for reconsideration. The trial court denied the within petition.
The State urges even if the trial court was incorrect in not reviewing the merits of appellant's reconsideration petition, nevertheless, its judgment is legally correct on other grounds, and we should affirm.
We agree with the trial court it had no jurisdiction to review a motion for reconsideration. We will, however, address the merits of the petition.
R.C. 2953.23 requires a petition must be filed within 180 days of the conviction, unless the petitioner makes a demonstration he was unavoidably prevented from discovering the facts upon which he relies, and also shows by clear and convincing evidence that but for a constitutional error at trial, no reasonable fact finder would have found him guilty of the offense for which he was convicted.
We have reviewed the materials appellant states constitute newly discovered evidence which he was unavoidably prevented from discovering earlier, and in fact, as the State points out, a number of the items can be found in the transcript of proceedings from appellant's original prosecution.
We also find appellant cannot meet the second prong of R.C.2953.23, that is, showing by clear and convincing evidence that but for constitutional error at trial, he would have been acquitted. As notedsupra, much of the material was already presented to the jury. None of the material tends to show an error of constitutional magnitude in appellant's prosecution.
We find the trial court did not err in denying appellant's petition for reconsideration of his petition for post-conviction relief. Accordingly, all of appellant's assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed.
By GWIN, P.J., FARMER, J., and WISE, J., concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed. Costs to appellant.